UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

In the matter of:

Gregory R. Zajac,  Case No. 11-69754-MBM
  Chapter 13
                Debtor.   /  Hon. Marci B. McIvor

**OPINION GRANTING DEBTOR'S COUNSEL'S
APPLICATION FOR FEES**

This case is before the Court on the Trustee's objections to Debtor's counsel's fee application. For the reasons set forth below, the Trustee's objections are overruled. Debtor's counsel's fee application is granted and counsel is awarded fees in the amount of $15,844.00 and costs in the amount of $309.55.

<u>Statement of Facts</u>

On November 18, 2011, Debtor Gregory R. Zajac filed a voluntary petition under Chapter 13 of the Bankruptcy Code. Within three weeks of filing his case, Debtor had filed three motions: (1) a motion to compel a creditor to return property of the estate; (2) a motion to establish the value of a 2008 F-150 truck; and (3) a motion to establish adequate protection payments.

On December 16, 2011, Debtor filed his Schedules, Statement of Financial Affairs and Chapter 13 Plan of Reorganization. The Debtor's Schedules stated that he owned two pieces of real property, two businesses (Gregg's Snow Removal and Primo Pizza), and that Debtor owed a large tax debt to the Internal Revenue Service. Debtor's income derives from his businesses. In Debtor's Plan of Reorganization, Debtor proposed to retain both pieces of real property and pay his creditors with the income

from his two businesses. The Plan also set forth an estimated administrative expense in the amount $12,000.00 for anticipated pre-confirmation attorney fees.

On February 15, 2012, Debtor filed a First Amended Plan of Reorganization. Two creditors and the Chapter 13 Trustee objected to confirmation of Debtor's First Amended Plan of Reorganization.

On June 14, 2012, Debtor filed his Second Amended Chapter 13 Plan of Reorganization. A creditor and the Chapter 13 Trustee objected to confirmation of Debtor's Second Amended Plan of Reorganization.

On July 27, 2012, Debtor filed his Third Amended Chapter 13 Plan of Reorganization. Debtor also filed amended Schedules. The Third Amended Plan provided that Debtor would surrender one piece of real property, and satisfy all other obligations out of his income from his two businesses. The Third Amended Plan also restated an Administrative Expense in the amount of $12,000.00 for anticipated pre-confirmation attorney fees. The Third Amended Plan provided a total dividend to unsecured creditors in the amount of $368.00. A creditor and the Chapter 13 Trustee objected to confirmation of Debtor's Plan. The objections were resolved and on September 11, 2012, this Court entered an Order Confirming Debtor's Third Amended Plan of Reorganization.

On September 13, 2012, Debtor's Counsel filed an "Application for Award and Approval of Payment of Pre-Confirmation Attorney Fees" ("Application"). The Application sought fees in the amount of $15,884.00 and expenses in the amount of $309.55. On October 4, 2012, the Chapter 13 Trustee filed an Objection to Debtor's Counsel's Application. On October 25, 2012, the Court held a hearing on Debtor's

Counsel's Application. At the conclusion of the hearing, the Court took the matter under advisement.

Analysis

Compensation of attorneys is controlled by § 330 of the Bankruptcy Code. 11 U.S.C. § 330 states in relevant part:

> (a)(1) After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, . . . or a professional person employed under section 327 or 1103-
>
> (A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional person employed by an such personal; and
>
> (B) reimbursement for actual, necessary expenses.
>
> * * *
>
> (4)(B) In a chapter 12 or chapter 13 case in which the debtor is an individual, the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section.

In a Chapter 13 case, debtor's counsel is entitled to compensation if counsel's fees are reasonable and the work is beneficial and necessary to the debtor, even if counsel's services do not benefit the bankruptcy estate. *See In re Argento,* 282 B.R. 108, 116 (Bankr. D. Mass. 2002)( "a Chapter 13 debtor's counsel is entitled to an administrative expense for compensation for work that is beneficial and necessary to the debtor without proof of benefit or necessity to the Chapter 13 estate or the creditors"); *In re Polishuk,* 258 B.R. 238 (Bankr. N.D. Okla. 2001) (debtor's attorney can

3

recover fees for services during a Chapter 13 case that either benefitted the debtor or benefitted the estate). *See also, In re Bailey,* 2009 WL 2167736 (Bankr. E.D.N.Y. 2009) ("in a Chapter 13 case the court may allow reasonable compensation to the debtor's attorney for representing the interest of the debtor in connection with the bankruptcy case."); *In re Herbert,* 2009 WL 1941978 (Bankr. E.D.N.Y. 2009) ("in a Chapter 13 case the court may allow reasonable compensation to the debtor's attorney for representing the interest of the debtor in connection with the bankruptcy case. Compensation is based upon the consideration of the benefit and necessity of such services to the debtor.") *But see, In re Saturley,* 131 B.R. 509, 521 (Bankr. D. Me. 1991)( "futile efforts aimed at achieving unattainable objectives are unreasonable. Fees generated in tilting at windmills will be disallowed.")

The Court has carefully reviewed the pleadings filed in this complicated case and concludes that all of the services performed by Debtor's counsel conferred a benefit on debtor. Before the case was even filed, Debtor's counsel had to do significant work to analyze Debtor's two businesses and determine whether Chapter 13 or Chapter 7 was the more appropriate chapter under which to file. Immediately after the case was filed, Debtor's counsel filed a motion to compel a creditor who had garnished Debtor's bank account pre-petition to return the garnished funds to Debtor. Debtor's counsel's actions resulted in $32,191.41 being returned to Debtor. A portion of that money was returned directly to Debtor to prevent him from defaulting on current obligations; the balance went to the Chapter 13 Trustee to help fund Debtor's Third Amended Plan of Reorganization. Because Debtor owned two businesses, there were complicated issues with respect to determining both the amount of projected disposable income

available to fund the plan and the valuation of assets for purposes of the liquidation analysis required by 11 U.S.C. § 1325(a)(4). Debtor also had a large debt to the Internal Revenue Service("IRS"). Debtor's counsel had to spend a significant amount of time negotiating the status, amount, and treatment of the IRS's claim. At the commencement of the case, Debtor owned two pieces of real property, both of which he originally intended to retain. It eventually became clear that, in order to retain his businesses and propose a feasible plan, Debtor had to surrender one of the pieces of real property. Because of the difficulties in ascertaining Debtor's income accurately, Debtor's counsel had to file four plans of reorganization. The last plan of reorganization was confirmed on September 11, 2012.

It is undisputed that the fees sought by counsel in this case in the amount of $15,884.00 are significantly higher than fees generally paid in a chapter 13 case. The Chapter 13 Trustee has objected to the fee application on several grounds. However, the Chapter 13 Trustee's primary objection is that it is not reasonable to award Debtor's counsel $15,884.00, particularly when the dividend to unsecured creditors is only $368.00.

The Court finds that, on the facts of this case, the compensation sought by Debtor's counsel is reasonable because counsel's services conferred a huge benefit on Debtor, and also conferred a benefit on the creditors with whom Debtor renegotiated his debt. It is clear from the record in this case that, had Debtor not been represented by such competent counsel, he may well have lost the assets and inventory which allow him to operate his two businesses. It is also clear from the record that, without the representation of competent counsel, Debtor might not have successfully renegotiated

5

his mortgage, his debt to the IRS, and his obligation on the 2008 F-150 Ford truck which is the primary asset of Debtor's snow removal business. In sum, the Court is satisfied that the compensation sought by Debtor's counsel is reasonable because such services conferred a benefit to Debtor and to the estate, notwithstanding the relatively small dividend to unsecured creditors.

Therefore, the Trustee's objections to Debtor's counsel's fee application are overruled. Debtor's counsel's fee application is granted and counsel is awarded fees in the amount of $15,844.00 and costs in the amount of $309.55.

Signed on November 20, 2012

                                /s/ Marci B. McIvor
                                Marci B. McIvor
                                United States Bankruptcy Judge